UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
|---|---|---|---|
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Jacob Larsen | Craig Staub |

**Proceedings:**     PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT (Dkt. No. 10, filed June 15, 2015)

## I.    INTRODUCTION & BACKGROUND

On April 16, 2015, plaintiff Mayra Ponce filed this lawsuit in Los Angeles County Superior Court against her former employer, defendant Medical Eyeglass Center, Inc., and Does 1 through 10. Dkt. No. 1-3 ("Compl."). The complaint asserts claims for (1) pregnancy and sex discrimination in violation of California Government Code § 12940 *et seq.*; (2) failure to prevent discrimination and/or retaliation in violation of California Government Code §§ 12940 (j) and (k); and (3) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). Id. In brief, plaintiff alleges that after she returned from approved pregnancy leave, she was shunned and criticized without cause, then wrongfully terminated on December 12, 2014. Id. ¶¶ 13–21.

Defendant removed this action to federal court on May 28, 2015, on the basis of diversity jurisdiction. Dkt. No. 1. On June 15, 2015, plaintiff filed the instant motion to remand on the ground that the jurisdictional minimum is not met. Dkt. No. 10. Defendant filed an opposition on July 6, 2015, Dkt. No. 13, and plaintiff replied on July 16, 2015, Dkt. No. 14. On July 27, 2015, the Court held a hearing. Having considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

In order to establish removal jurisdiction over a diversity action pursuant to 28 U.S.C. § 1332, the removing defendant must demonstrate that (1) the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
|---|---|---|---|
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

controversy exceeds $75,000, and (2) the suit is between citizens of different states.[1] As a general matter, removal jurisdiction is to be construed strictly, and any doubts as to removability should be resolved in favor of remanding the case to state court. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The removing party bears the burden of showing that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). This sum is determined as of the date of removal. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3rd Cir. 1999). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 F. App'x 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 550.

## III. DISCUSSION

Plaintiff contends that remand is required because defendant has failed to prove by a preponderance of the evidence that plaintiff's damages, as of the date of removal, exceed the jurisdictional minimum. Mot. Remand at 3. The Court addresses in turn each category of relief defendant contends should factor into the amount in controversy.

---

[1] Defendant asserts that plaintiff is a citizen of California and defendant is a citizen of Delaware and New Jersey, Notice of Removal ¶ 13, and plaintiff does not contest complete diversity of citizenship. Accordingly, the Court addresses below only the amount in controversy requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
|---|---|---|---|
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

### A. Economic Damages

Plaintiff seeks compensation for "actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities in her field and damage to her professional reputation." Compl. ¶¶ 28, 36, 44. Plaintiff argues that since she has only been unemployed since December 12, 2014, and "typically earned $1,440 bi-weekly," Larsen Decl. ¶ 3, the only non-speculative economic damages defendant can show are approximately $18,720 in lost wages to date. Reply at 7. Defendant responds that the Court should take into account lost wages plaintiff could continue to accrue at the rate of $720 per week through trial in this case, which defendant estimates will not occur for at least another year. Opp'n at 6.

Although the Court declines defendant's invitation to extrapolate lost wages through a hypothetical future trial date,[2] that does not necessarily mean that the amount in controversy is not met; indeed, federal courts sitting in California have denied motions to remand discrimination claims where the amount of lost wages at the time of removal was of a similar magnitude, based on other types of relief sought. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) ("Although the court declines to project future wage losses until a hypothetical trial date, it is nonetheless reasonable to expect these damages to exceed [lost wages from termination until removal of] $25,600."); see also Vasquez v. Arvato Digital Services, LLC, 2011 WL 2560261, at *3-4 (C.D. Cal. June 27, 2011) (amount in controversy met where plaintiff's lost wages at time of removal were roughly $25,000); Chambers v. Penske Truck Leasing Corp., 2011 WL 1459155, at *3-4 (E.D. Cal. Apr. 15, 2011) (amount in controversy met where plaintiff's lost wages at time of removal were roughly $10,500). Accordingly, the Court concludes that plaintiff has placed a minimum of approximately $18,720 in controversy

---

[2]See Sasso, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015) (concluding that the "weight of authority" precluded courts from projecting lost wages through an expected trial date). But see Garcia v. ACE Cash Express, Inc., 2014 WL 2468344, at *4 (C.D. Cal. May 30, 2014) (accepting calculations for "wages for the estimated time between removal and trial").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

through her claims for economic damages, and considers the other types of relief she seeks.[3]

### B. Attorneys' Fees

Attorneys' fees may be considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Here, plaintiff alleges claims under FEHA and requests attorneys' fees which she "has incurred and is expected to continue to incur." Compl. ¶¶ 30, 38, 46. Because attorneys' fees are recoverable by the prevailing party in a FEHA action, Simmons, 209 F. Supp. 2d at 1034 (citing Cal. Gov't Code § 12965), they are properly considered part of the amount in controversy in this case.

The district courts of this circuit are split on whether the amount in controversy determination should only include those attorneys' fees incurred as of the time of removal, or may properly take into account fees likely to be incurred through the conclusion of the case. Compare, e.g., Simmons, 209 F. Supp. 2d at 1034-35 (holding that reasonably foreseeable post-removal fees should be considered), with Reames v. AB Car Rental Servs., Inc., 899 F. Supp. 2d 1012, 1018-19 (D. Or. 2012) (noting split of authority and concluding that only fees incurred as of the date of removal should count). But this Court finds persuasive the Simmons court's reasoning on this issue: "The Ninth Circuit clearly considers attorneys' fees when assessing amount in controversy. . . . Such fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated that district courts would [consider] the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." 209 F. Supp. 2d at 1034-35 (internal citations omitted); see also Sasso v. Noble Utah Long Beach, LLC, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys'

---

[3]The Court declines to consider evidence that plaintiff refused to stipulate to limit her damages to less than $75,000 as establishing the amount in controversy. See Sasso, 2015 WL 898468, at *5 (acknowledging that some courts had found a refusal to stipulate to be significant evidence of the true amount of damages, but finding more persuasive other courts' refusals to do so).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

fees because they are part of the total 'amount at stake.' " (quoting Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005)). Therefore, the Court agrees with defendant that a conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination.[4]

Defendant cites cases approving rates between $425 and $725 for Los Angeles area attorneys,[5] and offers what it terms the "conservative" estimate that plaintiff's attorneys' fees would reach $40,000 even if only 100 billable hours are spent on this case at a rate of $400 per hour. Defendant also cites reports of California verdicts in single-plaintiff pregnancy discrimination cases awarding attorneys' fees of $84,000 in 2008, $249,345 in 2002, and $160,050 in 1999.[6]

Although future attorneys' fees cannot be calculated with precision, federal courts sitting in California have recognized that "attorneys' fees in individual discrimination cases often exceed the damages," Simmons, 209 F. Supp. 2d at 1035, and have included modest fee estimates in jurisdictional minimum calculations. For example, another judge in this judicial district considering a motion to remand FEHA claims reasoned:

> This Court and others have held that a reasonable rate for employment cases is $300 per hour. [Citations.] Recent estimates for the number of hours expended through trial for

---

[4]The Court also notes that in Guglielmino v. McKee Foods Corp., the Ninth Circuit approved a district court's calculation of the amount in controversy, including a " 'conservative' estimate" of attorneys' fees in the amount of 12.5% of the estimated economic damages. 506 F.3d 696, 698, 701 (9th Cir. 2007). Such a percentage-of-recovery estimate would make little sense if the only cognizable attorneys' fees are those incurred prior to removal. But the Guglielmino court did not directly address that issue.

[5]See Xue Lu v. United States, 2014 WL 2468826, at *6–8 (C.D. Cal. May 23, 2014); Contreras v. City of Los Angeles, 2013 WL 1296763, at *3 (C.D. Cal. Mar. 28, 2013); Arroya v. Svela, 2012 WL 3308427, at *2 (C.D. Cal. Aug. 13, 2012).

[6]See Jiminez v. Too Fast, Inc., 2008 WL 5999662 (Cal. Super. Ct. 2008); Akers v. County of San Diego, 95 Cal. App. 4th 1441, 1445 (2002); Jalomo v. HRO Sys., Inc., 1999 WL 1069181 (Cal. Super. Ct. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
|---|---|---|---|
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

> employment cases in this district have ranged from 100 to 300 hours. [Citations.] Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour).

Sasso, 2015 WL 898468, at *6; see also Garcia v. ACE Cash Express, Inc., 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (similar). Adopting the same conservative estimate in this case, the Court concludes that plaintiff's demand for attorneys' fees under FEHA adds at least $30,000 to the amount in controversy.

### C. Emotional Distress Damages

Plaintiff also seeks unspecified damages for emotional distress. Compl. ¶¶ 29, 37, 45. Emotional distress damages may be considered in determining the amount in controversy. See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005). A defendant need not conduct discovery to ascertain a plaintiff's potential emotional distress damages; it can instead introduce evidence of jury verdicts in other cases. Cain v. Hartford Life & Accident Ins. Co., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); see also Kroske, 432 F.3d at 980 (holding that a district court did not err in concluding that emotional distress damages added at least $25,000 to the amount in controversy based in part on "emotional distress damage awards in similar age discrimination cases in Washington").

Here, defendant has cited cases involving substantial awards for emotional distress in similar cases. See, e.g., Swinton v. Potomac Corp., 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); Velez v. Roche, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). "Without deciding whether this case is sufficiently analogous to those cited by Defendant[], or quantifying the exact value of Plaintiff's claims for emotional distress . . . the Court recognizes that emotional distress . . . damages are more likely than not to be more than nominal." Sasso, 2015 WL 898468, at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

### D. Punitive Damages

"It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiff's claims for relief. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Plaintiff's action is brought pursuant to FEHA, under which punitive damages are available. Cal. Gov't Code § 12940. Additionally, plaintiff alleges that defendant's wrongful actions "were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff." Compl. ¶ 31, 39, 47. These allegations track the requirements for an award of punitive damages against an employer under California law. See Cal. Civ. Code § 3294. Accordingly, the Court considers punitive damages in determining the amount in controversy. Where the plaintiff seeks punitive damages but does not specify a particular amount, the defendant "may introduce evidence of jury verdicts in cases involving analogous facts" in order to establish probable punitive damages. Simmons, 209 F. Supp. 2d at 1033.

In the instant case, defendant highlights jury verdicts with substantial punitive damages awards in pregnancy and sex discrimination cases. See, e.g., Lopez v. Bimbo Bakeries USA, Inc., 2007 WL 1765192 (Cal. Super. Ct. 2007) (awarding $2,340,700 in compensatory and punitive damages on a pregnancy discrimination case, where plaintiff sought to recover $267,000 in lost wages plus unspecified emotional and punitive damages); Hogan v. Archdiocese of Los Angeles, 2001 WL 803303 (Cal. Super. Ct. 2001) (awarding $200,000 in punitive damages and $35,000 in economic damages on a pregnancy discrimination cause of action). Federal courts have also recognized that employment discrimination cases often result in sizable punitive damages awards relative to the amount of lost wages claimed. See Simmons, 209 F. Supp. 2d at 1033 (citing employment cases resulting in jury verdicts with substantial punitive damage awards ranging from $60,000 to $40,000,000, and noting that "[t]he fact that the cited cases involve distinguishable facts is not dispositive"); see also Chambers, 2011 WL 1459155, at *3–4 (concluding that jury verdicts including punitive damages awards of greater than $75,000 were "sufficiently analogous" because they "involve[d] wrongful termination matters following health-related or injury-related absences, requests for reduced hours, or similar accommodation requests"). As with emotional damages, the Court concludes that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-04035-CAS (JEMx) | Date | July 27, 2015 |
| Title | MAYRA PONCE v. MEDICAL EYEGLASS CENTER, INC., ET AL. | | |

defendant has shown that a significant punitive damages award is likely if plaintiff succeeds in proving the allegations of her complaint. See Sasso, 2015 WL 898468, at *6.

### III. CONCLUSION

Although plaintiff is correct that defendant has not established the amount in controversy with certainty, that is not required. Solely looking to plaintiff's admitted economic damages of $18,720 and the conservative estimate of $30,000 in attorneys' fees, the amount in controversy is at least $48,720. And taking the allegations of the complaint as true, the Court concludes that defendant has met its burden of showing that it is more likely than not that emotional distress and punitive damages add more than $26,280 to the amount at stake. See Simmons, 209 F. Supp. 2d at 1035 (finding the jurisdictional minimum "clearly satisfied" based on wage losses of $25,600 and the "alleged compensatory, punitive, emotional distress damages"). For these reasons, plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |